United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| IN RE: JUUL LABS, INC., MARKETING SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>*This Document Relates to:*<br><br>*Erin NesSmith et al. v. Juul Labs, Inc., et al.*, Case No. 3:19-cv-06344-WHO<br><br>*Bailey Legacki v. Juul Labs, Inc., et al.*, Case No. 3:20-cv-01927-WHO<br><br>*Cole Aragona v. Juul Labs, Inc., et al.*, Case No. 3:21-cv-01928-WHO<br><br>*Carson Sedgwick v. Juul Labs, Inc., et al.*, Case No. 3:20-cv-03882-WHO<br><br>*Jordan Dupree v. Juul Labs, Inc., et al.*, Case No. 3:20-cv-03850-WHO<br><br>*Matthew Tortorici v. Juul Labs, Inc., et al.*, Case No. 3:20-cv-03847-WHO<br><br>*Jennifer Lane et al. v. Juul Labs, Inc., et al.*, Case No. 3:20-cv-04661-WHO | Case No. 19-md-02913-WHO<br><br>**TENTATIVE RULINGS FOR OCTOBER 31, 2025 HEARING** |

I retained these opt-out cases to decide cross-cutting issues before remanding them to the transferor courts. At this point, I am not inclined to address adequacy of pleading arguments on a motion to dismiss. The adequacy of materially similar pleadings was tested repeatedly in the main MDL proceedings. Now those allegations can be tested on an evidentiary basis on remand.

Similarly, I am not inclined to rule on issues of state law, particularly where there are open questions or splits in authority from state court jurisdictions. The resolution of contested state law questions is better handled by courts in those states.

My tentative rulings are as follows:

<u>Abandoned Claims</u>: The motions are GRANTED as to the numerous claims abandoned by each opt-out plaintiff. Judgment will be entered on each abandoned claim in favor of the moving defendant.

<u>Altria's Motions for Judgment on the Pleadings on the Intentional Infliction of Emotional Distress</u>: DEFER to the courts on remand, but if reached, DENY.

<u>JLI's Motions to Dismiss</u>: DENY, as testing the adequacy of allegations is not efficient at this juncture. Whether the allegations survive at summary judgment on an evidentiary basis is a matter to be determined by the courts on remand.

<u>JLI's Motions for Partial Summary Judgment on Economic Loss</u>: GRANT in part, as the opt-out plaintiffs agree they released claims for economic loss through the Class Settlement approved in the MDL. DENY, as to dismissal of remaining claims in light of that release. The damages that are available to the opt-out plaintiffs on their remaining claims is better determined by courts on remand.

<u>Director Defendants' Motions for Summary Judgment on Personal Jurisdiction</u>: DEFER to courts on remand. While I found the allegations sufficient to exercise personal jurisdiction over the Director Defendants with respect to the Class claims and for claims asserted by the personal injury, government entity, and tribal bellwether plaintiffs, the application of each remand jurisdiction's long-arm statute *on an evidentiary basis* is better determined by the courts on remand.

<u>Director Defendants' Motions for Judgment on the Pleadings on Strict Product Liability Claims (joined by Monsees & Bowen)</u>: GRANT, following my rulings as to the bellwether plaintiffs in the MDL. Unless the opt-out plaintiffs can identify support in the specific statutes at issue or cases from the relevant jurisdiction (cases not addressed in my prior rulings) that extend strict products liability to individual corporate directors or managers, I will follow my prior

1  determinations.

2      Each side will have thirty minutes to argue.

3  Dated: October 30, 2025



William H. Orrick
United States District Judge