[*Counsel listed in signature block*]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | **Case No. 19-md-02913-WHO** |
| This Document Relates to: | **DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL AND TO DISQUALIFY THE SCHLESINGER FIRM FROM REPRESENTING THIRD-PARTY FACT WITNESS SHANE CROWTHER** |
| *Erin NesSmith v. Juul Labs, Inc. et al*, Case No. 3:19-cv-06344 | |

## TABLE OF CONTENTS

INTRODUCTION..................................................................................................................1

ARGUMENT .......................................................................................................................2

I.      THE COURT SHOULD ORDER CROWTHER'S DEPOSITION TO
        CONTINUE ............................................................................................................2

II.     THE COURT SHOULD DISQUALIFY SCHLESINGER FROM
        REPRESENTING CROWTHER ...........................................................................3

        A.      Schlesinger Violated Ethical Rules Against Solicitation Of Clients.........................3

        B.      Schlesinger's Representation Of Plaintiffs And Crowther Is Conflicted..................4

III.    THE COURT SHOULD OVERRULE SCHLESINGER'S PRIVILEGE
        OBJECTIONS .........................................................................................................5

IV.     PLAINTIFFS' REMAINING CRITICISMS LACK MERIT..............................................6

CONCLUSION ...................................................................................................................9

**TABLE OF AUTHORITIES**

**CASES**

*Aspgren v. Montgomery Ward & Co., Inc.*, 1984 WL 49011 (N.D. Ill. Nov. 19, 1984) .................. 4

*Colyer v. Smith*, 50 F. Supp. 2d 966 (C.D. Cal. 1999)...................................................................... 4

*Grech v. HRC Corp.*, 48 Misc. 3d 859 (N.Y. Sup. Ct. 2015) ........................................................... 5

*Hall v. Clifton Precision, a Div. of Litton Sys., Inc.*, 150 F.R.D. 525 (E.D. Pa. 1993)..................... 6

*In re Cathode Ray Tube (CRT) Antitrust Litig.*,
   2015 WL 12942210 (N.D. Cal. May 29, 2015) .......................................................................... 6

*Ohralik v. Ohio State Bar Ass'n*, 436 U.S. 447 (1978) ................................................................. 1, 3

*Rivera v. Lutheran Med. Ctr.*, 22 Misc. 3d 178 (N.Y. Sup. Ct. 2008)............................................... 4

*Yeager v. Bowlin*, 693 F.3d 1076 (9th Cir. 2012) ............................................................................ 3

**RULES**

Fed. R. Civ. P. 30(d)(2).................................................................................................................... 4

Defs.' Reply ISO Their Motion To Compel and To Disqualify the Schlesinger Firm from Representing
Third-Party Fact Witness Shane Crowther – Case No. 3:19-md-02913-WHO

**INTRODUCTION**

Crowther testified that it was Schlesinger's mid-deposition idea to represent him.

> Q. Was it your idea or Ms. Contreras's idea for her to represent you? . . . .
>
> A. Her idea.

Dkt. 108-3 at 321:19-23; *see* Dkt. 111-5 (deposition video clip Plaintiffs filed). Schlesinger did not object to this question, seek to correct Crowther's testimony, or ask him any questions of its own. Plaintiffs' response pretends this unrebutted evidence of improper solicitation does not exist. *See* Resp. at 9 (representing that "[t]he record lacks even a scintilla of evidence" of solicitation).

Solicitation is rarely so obvious. "Often there is no witness other than the lawyer and the lay person whom [s]he has solicited, rendering it difficult or impossible to obtain reliable proof of what actually took place." *Ohralik v. Ohio State Bar Ass'n*, 436 U.S. 447, 466 (1978). Not so here.

Nor is the violation a technicality. Plaintiffs' interests are adverse to Crowther's. Plaintiffs now blame JUUL products as the sole or substantial cause of their daughter's death. But in the immediate aftermath of her death, they blamed *Crowther*—for negligence or worse. Schlesinger now purports to represent both the accusers and the accused.

Schlesinger's answer is to end the deposition and rewrite the record with declarations that contradict Crowther's sworn testimony. *See* Dkt. 111-2 at ¶ 10 (Crowther declaration); Dkt. 111-4 at ¶ 10 (Contreras declaration, including her concession she advised Crowther he could end the deposition). The Court should not permit it.

Nor should the Court credit Schlesinger's effort to tar defense counsel as harassing and unprofessional. It made no such claims on the record before it terminated the deposition. And the full transcript—which Defendants filed—shows no harassment. *See* Dkt. 108-3.

The topics Plaintiffs now protest go to the heart of this case: what Plaintiffs and Crowther said and did before they decided to blame JUUL products. The Court should order Crowther's deposition to continue until Defendants have completed their examinations of this key witness and disqualify Schlesinger from representing him.

---

**ARGUMENT**

**I.      THE COURT SHOULD ORDER CROWTHER'S DEPOSITION TO CONTINUE[1]**

Defendants should be allowed enough time to finish their questioning, as CMOs 17 and 19 provide.  *See* MDL Dkt. 3780, ¶ 48 (CMO No. 17); MDL Dkt. 4112, ¶ 42 (CMO No. 19).  When Schlesinger ended the deposition, counsel to the Non-Management Directors was completing his questioning, and counsel for JLI and counsel for the Altria Defendants had not yet asked any substantive questions.  To date, in this and other MDL cases, all Defendants have each had their own time to depose witnesses.  This is the first time Schlesinger has ever sought court intervention to impose a seven-hour limit on any deposition in the MDL cases.  Their attempt to do so with respect to this key witness is opportunistic and unwarranted.  If Schlesinger or counsel to Crowther believes that the questioning is repetitive or otherwise inappropriate, then they can object and move for a protective order at that time.

Plaintiffs' argument in support of limits on the continued deposition (at 8) fails.  Although Schlesinger said it would move for a protective order, neither Plaintiffs nor Crowther have done so in over two months since.  Dkt. 108-3 at 317:1-6.  That is for good reason:  Plaintiffs' claim (at 8) that the questioning was "repetitive and cumulative" is baseless.  Although defense counsel asked several pages of questions "about Ashlynn's medication compliance" and "the cause of Ashlynn's seizures," Resp. at 8, that questioning is directly relevant to Plaintiffs' allegation that JUUL products caused her seizures and death because medication noncompliance is a potential alternate cause.  *See* Dkt. 57, ¶¶ 12, 17-23.  Those fifteen pages—like many others that Plaintiffs misrepresent to deflect attention from Schlesinger's misconduct, *see infra* Section IV—show a deposition proceeding normally.  Schlesinger lodged just one form objection, even though it now argues the questioning was so improper that court intervention is needed.

---

[1] Defendants had no choice but to bring this Motion because Schlesinger refused to meet and confer about these issues, a fact it concedes.

2

## II.   THE COURT SHOULD DISQUALIFY SCHLESINGER FROM REPRESENTING CROWTHER

Schlesinger should be disqualified from representing Crowther because it violated ethical rules against solicitation of clients and conflicts of interest. *See* Mot. at 8-11.

### A.   Schlesinger Violated Ethical Rules Against Solicitation Of Clients

Schlesinger's in-person offer to represent Crowther during his deposition is "a striking example of the potential for overreaching that is inherent in a lawyer's in-person solicitation." *Ohralik*, 436 U.S. at 468. Plaintiffs do not try to defend Schlesinger's conduct as Crowther described it in real time. Dkt. 108-3 at 319:2-15, 321:19-23 (Schlesinger initiated a break and suggested it could represent Crowther). Nor do Plaintiffs deny Schlesinger's pecuniary interest.

The declarations on which Plaintiffs instead base all their arguments deserve no weight. *First*, they contradict Crowther's sworn, in-the-moment testimony that Schlesinger suggested representing him. *Cf. Yeager v. Bowlin*, 693 F.3d 1076, 1080 (9th Cir. 2012) ("a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony"). Although Crowther now suggests (at 5-6) that he was so distressed that he testified incoherently, the record does not support that claim. When defense counsel announced his intention to continue questioning, the Schlesinger attorney acquiesced,[2] Crowther did not object, and he then testified coherently for twelve minutes. *Second*, the declarations describe a discussion that had no reason to occur in private. Throughout Crowther's deposition, Schlesinger asked him on the record if he was okay to continue testifying, and, each time, he said he was.[3] There was no reason for Schlesinger to isolate Crowther to give him "only advice the Rules of Professional Conduct affirmatively authorize." Resp. at 18. *Third*, Schlesinger does not deny that it has represented at least nineteen other third-party witnesses in MDL depositions and even more in the JCCP. *See* Dkt. 109. The only reasonable inference is

---

[2] *See* Dkt. 108-3 at 318:2-6 ("Ms. Contreras-Piana: You can ask him why he decided to retain me, but again, our conversation is privileged, and I'm going to instruct him not to answer. So if you want to know why he decided to retain me as an attorney, sure."); *see also id.* 319:6-7 ("Ms. Contreras-Piana: You can answer.").

[3] *See* Dkt. 108-3 at 246:9-12 ("Ms. Contreras-Piana: Do you want to take a break? The Witness: No, that's all right. Just get through it."); *id.* at 264:22-25 ("Ms. Contreras-Piana: Are you okay to keep going? The Witness: Yeah, yeah. Let's do it.").

Defs.' Reply ISO Their Motion To Compel and To Disqualify the Schlesinger Firm from Representing Third-Party Fact Witness Shane Crowther – Case No. 3:19-md-02913-WHO

that Schlesinger—not the witnesses—is soliciting these representations. For all these reasons, the Court should disregard the declarations, find that Schlesinger solicited Crowther, and disqualify it accordingly. *See Rivera v. Lutheran Med. Ctr.*, 22 Misc. 3d 178, 187-88 (N.Y. Sup. Ct. 2008).

Plaintiffs' argument (at 6) that Defendants lack standing fails because its unethical conduct already has affected Defendants by impeding a fair examination of Crowther. None of the cases Plaintiffs cite implicates Rule 30(d)(2) of the Federal Rules of Civil Procedure, which independently authorizes sanctions in this scenario. Defendants also have standing because Schlesinger's "ethical breach so infect[ed] the litigation . . . that it impact[ed Defendants'] interest in a just and lawful determination of [Plaintiffs'] claims." *Colyer v. Smith*, 50 F. Supp. 2d 966, 971-72 (C.D. Cal. 1999). The "particularized harm" that Plaintiffs claim is lacking (at 7) is Schlesinger's interference with Crowther's deposition and improper influence over his testimony. Finally, none of the purposes that Plaintiffs cite (at 6) applies here. Disqualifying Schlesinger does not undo Crowther's "*Choice of Counsel.*" Resp. at 6 (header, emphasis added); *see also id.* at 13. Schlesinger's improper solicitation created a representation "before [Crowther] consider[ed] the alternatives." *Aspgren v. Montgomery Ward & Co., Inc.*, 1984 WL 49011, at *4 (N.D. Ill. Nov. 19, 1984). Crowther says he wants counsel "[w]hether it is Ms. Contreras *or another lawyer*." Dkt. 111-2, ¶ 2 (emphasis added). And Plaintiffs do not argue that Defendants bring the Motion "as a litigation tactic" or for any "improper purpose." Resp. at 6, 13. Defendants have standing.

**B.    Schlesinger's Representation Of Plaintiffs And Crowther Is Conflicted**

Schlesinger is conflicted from representing Crowther. Crowther's admissions of fault for Ashlynn's death mean that attorneys for Plaintiffs—Ashlynn's estate and parents—must be able to evaluate a claim against him. *See* Mot. at 1-2. And because his testimony undermined Plaintiffs' allegations, their attorney must be able to cross-examine him. These conflicts are unwaivable because Schlesinger cannot reasonably believe that it can represent Plaintiffs and Crowther. It does not argue that it obtained the required informed written consents. *See* Resp. at 13-15.

Plaintiffs do not seriously dispute these conflicts. They instead mischaracterize Defendants as arguing (at 15) merely that "there was once an investigation into Ashlynn's death" and that "some of Mr. Crowther's testimony may prove useful to the defense." But Defendants' argument is not

4

that Crowther's testimony might incidentally help the defense. It is that Crowther admitted fault in the investigation and his testimony contradicted Plaintiffs' allegations. Schlesinger therefore has a conflict: advancing Plaintiffs' claims requires it to cross-examine Crowther, whom it represents.

Plaintiffs also mischaracterize Defendants' reliance on *Grech v. HRC Corp.*, 48 Misc. 3d 859 (N.Y. Sup. Ct. 2015) as an attempt "to broadly and vaguely claim that lawyers are generally disqualified 'from representing third-party witnesses.'" Resp. at 15. Defendants cited *Grech* for the proposition that counsel may be disqualified from representing third-party witnesses when that representation creates a conflict. Plaintiffs' attempt (at *id.*) to distinguish *Grech* because the attorney there had a "regular practice" of representing third parties is also unavailing because Schlesinger does the same. *See* Dkt. 109. Finally, even assuming that the adversity must be (at 15-16) "actual and non-speculative," that standard is easily met. Crowther's testimony contradicts Plaintiffs' allegations, and Schlesinger's cross-examination of him is imminent. The Court should disqualify Schlesinger from representing Crowther.[4]

## III.  THE COURT SHOULD OVERRULE SCHLESINGER'S PRIVILEGE OBJECTIONS

The Court should order Crowther to testify about his discussions with Schlesinger because they occurred either at his deposition or while it was adjourned. *See* Mot. at 6-7.

Plaintiffs' counterarguments fail. Their assertion (at 9) that "the issue is virtually moot" is wrong because Crowther has not testified in response to the questions that Schlesinger improperly instructed him not to answer, and because any subsequent discussions that Crowther and Schlesinger had are appropriate topics for questioning.[5] Mot. at 7 (listing questions). Plaintiffs also are incorrect (at 10-11) that the issue is moot because Crowther and Contreras submitted declarations answering questions that Schlesinger initially blocked on privilege grounds. Those declarations waive

---

[4] If the court were to construe paragraph 15 of Mr. Crowther's declaration, Dkt. 111-2, as a formal request for pro bono counsel at his upcoming deposition, or as a Rule 26 motion for protective order to the same effect, Defendants would not oppose the appointment of independent, pro bono counsel.

[5] Plaintiffs' argument that "Defendants explored whether Mr. Crowther had been 'coached' *before* his deposition" is irrelevant because the issue now is Schlesinger's coaching *during* the deposition. Resp. at 9 (emphasis added).

Defs.' Reply ISO Their Motion To Compel and To Disqualify the Schlesinger Firm from Representing Third-Party Fact Witness Shane Crowther – Case No. 3:19-md-02913-WHO

privilege because they divulge the supposedly privileged discussion and contradict Crowther's prior testimony.  *See* Dkt. 108-3 at 316:21-317:16 (defense counsel arguing waiver at deposition). Finally, Plaintiffs' attempt to distinguish cases (at 11-12) on the ground that they involved "attorney[s] who already represent[] a testifying witness" fails.  The rule is that "depositions are to be conducted as if the witness were testifying at trial."  *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2015 WL 12942210, at *3 (N.D. Cal. May 29, 2015).[6]  And, at trial, no one—not counsel for Plaintiffs, for Defendants, or even for the witness—may discuss the substance of a witness's testimony once it has begun, except to determine a privilege.  *See Hall v. Clifton Precision, a Div. of Litton Sys., Inc.*, 150 F.R.D. 525, 528 (E.D. Pa. 1993) ("Once a witness has been prepared and has taken the stand, that witness is on his or her own.").  That no party can cite a case in which an attorney starts representing a third-party witness *during* a deposition hardly supports Schlesinger having done so here.  If anything, Schlesinger's violation is clearer because it did not represent Crowther initially:  their discussion could not have been to determine a privilege because none existed before the solicitation.

## IV.    PLAINTIFFS' REMAINING CRITICISMS LACK MERIT

Plaintiffs devote much of their response to trying to portray defense counsel in a negative light.  Because Schlesinger's email purporting to "document what occurred" at the deposition warned of this approach, *see* Dkt. 108-8 at 2, the Motion and accompanying declarations explain the truth of what happened in detail, *see* Mot. at 4; Dkt. 108-1; Dkt. 108-2.  The parties appear to agree that, as defense counsel sorted through photos on a break, Crowther briefly and inadvertently saw a photo, and he became upset.  Resp. at 3-4.  Neither Schlesinger nor Crowther dispute that defense counsel immediately reassured him, or that counsel was sorting through photos in an effort to remove ones they had determined not to use.  And although Schlesinger continues claiming that defense counsel "display[ed]" photos of Ashlynn on the table, that did not happen.[7]

---

[6] Plaintiffs fail to distinguish *Cathode Ray Tube* (at 12) on the ground that, here, "there was no change in testimony" after the break.  That is because Schlesinger ended the deposition.

[7] *Compare* Dkt. 111-4, ¶ 7 ("Upon returning, I observed several photographs of Ashlynn NesSmith's corpse displayed on the table by counsel for Defendants.") *with* Dkt. 108-1, ¶ 10 ("At no time did I deliberately show Crowther photos of Ashlynn or display them on the table in the

The section of Plaintiffs' response called "The Facts" (at 2-6) is not accurate or reliable. Defense counsel did ask Crowther about the topics that Plaintiffs identify (at 2-3), but the questioning was professional at all times:

- Crowther's **childhood** and **family relationships** are relevant because he and Ashlynn lived with his family, and his sister gave Ashlynn nicotine vapes. *See* Dkt. 108-3 at 90:19-91:22, 232:5-233:23.

- Crowther himself raised **his appearance and facial tattoos**, *see* Dkt. 108-3 at 41:10-21, as a reason Plaintiff Jared NesSmith (his future father-in-law) did not trust him, *see id.* at 131:15-25. Jared NesSmith testified to exactly that. *See also* Dkt. 108-6 at 219:3-13 (because of Crowther's "appearance," "I didn't really trust him").

- Crowther himself raised his **criminal history**, *see* Dkt. 108-3 at 52:21-53:13, which is relevant to Plaintiffs' statements that they did not trust him. Plaintiffs fault counsel (at 2) for asking Crowther "about his history of drinking and driving" while citing testimony that he drank and drove with Ashlynn. *See* Dkt. 108-3 at 72:17-73:5.

- Crowther's **alcohol and drug use** are relevant on several bases, including that Plaintiff Erin NesSmith told police that Ashlynn and Crowther "were both drug addicts and alcohol abusers," and Ashlynn's death was "expect[ed] . . . based on [her] prior behaviors." Dkt. 108-4 at NESSMITHA-66HCSO-00029.

- Ashlynn's **sexual assault** is relevant as a potential alternate cause to the psychological injuries that Plaintiffs allege Ashlynn suffered because of JUUL products. *See*, *e.g.*, Dkt. 57, ¶ 17 (alleging irritability, mood swings, anxiety, depression, and sleep disturbances).

These are the topics that Plaintiffs and Crowther now claim are "not related to Ashlynn or [his] relationship with her" and led him to feel "harassed and taken advantage of," Dkt. 111-2 at ¶ 6. But Crowther said no such thing at his deposition, and Schlesinger did not make a single objection at

deposition room.").

Defs.' Reply ISO Their Motion To Compel and To Disqualify the Schlesinger Firm from Representing Third-Party Fact Witness Shane Crowther – Case No. 3:19-md-02913-WHO

any point in the excerpts that Plaintiffs now cite. Resp. at 2. If the Court doubts the questioning, Defendants urge it to review the transcript or video (which Defendants can provide in full).

Plaintiffs' claim (at 2) that defense counsel "treated [Crowther] like an adverse witness" and engaged in "repetitive, argumentative, leading, and, above all, accusatory" questioning fails. Ashlynn's **medication noncompliance** is relevant because it is an alternative cause for the fatal seizure that Plaintiffs blame on JUUL products. *See* Dkt. 57, ¶¶ 12, 17-23. Although Plaintiffs claim (at 2) that defense counsel asked "essentially the same question . . . five different times," counsel did not do so, and, again, Schlesinger did not make a single objection. Contradictions between Crowther's testimony and **the police report** concerning Ashlynn's passing relate to his credibility and Plaintiffs' claims. Defense counsel did not "cast[] Mr. Crowther's testimony as contradicted" by the report, Resp. at 3; Crowther disagreed with the report immediately.[8] **Crowther's role** relates to his credibility and Plaintiffs' claims. Plaintiffs' outrage (at 3) that "[s]ome of the questioning implied that Mr. Crowther himself may have caused or had something to do with Ashlynn's injuries or death" rings hollow: Ashlynn's brother Jaxon NesSmith testified that *Plaintiffs*—Ashlynn's parents—thought Crowther killed Ashlynn, and Crowther blamed himself repeatedly during the police investigation. *See* Mot. at 1, 2-4.[9]

Plaintiffs' description of events after the break in the deposition also is wrong. Defense counsel did not (at 4) "[d]isregard[ Crowther's] inability to continue" giving testimony. When defense counsel announced his intention to continue questioning about the mid-deposition representation of Crowther, the Schlesinger attorney acquiesced and Crowther did not object. *See supra* 3 & n.3. The questioning lasted just twelve minutes, and Crowther testified coherently about his discussions with Schlesinger, showing his ability to continue. Nor did counsel (at 4) "ignor[e] the attorney-client relationship." Defense counsel suggested—and Schlesinger agreed—that the parties should make a record by the Schlesinger attorney objecting and instructing Crowther not to

[8] *See* Dkt. 108-3 at 269:18-21 ("Q. Have you ever seen this police report before? A. I have not, and I'm reading it, and it does not seem 100 percent correct.").

[9] Counsel asked Crowther whether he hit Ashlynn—or any woman—because, on August 2, 2017, he was arrested for battery after allegedly "snatch[ing] [his girlfriend's] iPhone 5s out of her hand and intentionally slapp[ing] her face."

8

answer.  *See* Dkt. 108-3 at 318:2-15.  Crowther did not (at 4) "testif[y] that he retained counsel because he . . . felt like he was being harassed."  That claim appears only in his declaration.  *See* Dkt. 111-2, ¶ 6.  Defendants did not (at 5) "ignore that Mr. Crowther testified that he felt he needed a lawyer"; the first time he gave that testimony was after Schlesinger solicited him, and Plaintiffs' position is that he had a lawyer (Schlesinger) at that time.  For all these reasons, the section of Plaintiffs' response called "The Facts" is not accurate.

**CONCLUSION**

The Court should grant the Motion.

DATED:  July 17, 2026

Respectfully submitted,

 /s/ Michael L. Walden
John C. Massaro (admitted *pro hac vice*)
Jason A. Ross (admitted *pro hac vice*)
David E. Kouba (admitted *pro hac vice*)
Michael L. Walden (admitted *pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave, NW
Washington, DC 20001
Telephone: 202-942-5000
Facsimile: 202-942-5999
john.massaro@arnoldporter.com
jason.ross@arnoldporter.com
david.kouba@arnoldporter.com
mike.walden@arnoldporter.com

*Attorneys for Defendants Altria Group, Inc., Philip Morris USA Inc., Altria Client Services LLC, Altria Group Distribution Company, and Altria Enterprises LLC*

 /s/ Timothy J. McGinn
Timothy S. Danninger (*pro hac vice*)
Timothy J. McGinn (*pro hac vice*)
GUNSTER, YOAKLEY & STEWART, P.A.
1 Independent Drive, Suite 2300
Jacksonville, FL 32202
Telephone: (904) 354-1980
tdanninger@gunster.com
tmcginn@gunster.com

*Attorneys for Defendant Juul Labs, Inc.*

 /s/ Michael J. Guzman
Mark C. Hansen (admitted *pro hac vice*)
Michael J. Guzman (admitted *pro hac vice*)
David L. Schwarz (CA Bar No. 206257)
Ryan M. Folio (admitted *pro hac vice*)
KELLOGG, HANSEN, TODD, FIGEL &
  FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
TEL: (202) 326-7900
mhansen@kellogghansen.com
mguzman@kellogghansen.com
dschwarz@kellogghansen.com
rfolio@kellogghansen.com

*Attorneys for Defendants Nicholas Pritzker
  and Riaz Valani*

Defs.' Reply ISO Their Motion To Compel and To Disqualify the Schlesinger Firm from Representing
Third-Party Fact Witness Shane Crowther – Case No. 3:19-md-02913-WHO